## LOUIS FRYHLING v. EVENS HARDWARE COMPANY.[1]

### March 27, 1908.

### Nos. 15,156—(6).

Action in the district court for Mille Lacs county to recover $700 for the alleged negligence of defendant in laying certain roofing material. At the close of the trial before Qvale, J., defendant's motion to dismiss the action was granted. From the judgment of dismissal entered thereon, plaintiff appealed. Affirmed.

*M. L. Cormany*, for appellant.

*Chas. A. Dickey*, for respondent.

PER CURIAM.

The parties hereto entered into a contract whereby the defendant, in consideration of a stipulated price to be paid to it by the plaintiff, agreed to furnish and lay upon the building of the plaintiff certain roofing material known as "Cary roofing material," which was designated by the plaintiff. There was no warranty or representation as to the material, but the defendant undertook to lay it upon the roof of the plaintiff's building in a good and workmanlike manner. The complaint alleged that the defendant did not so

[1] Reported in 115 N. W. 1133.

lay the material, but that he laid it so carelessly and negligently that the roof leaked, whereby the plaintiff was damaged in the sum of $700. The answer put this allegation in issue. On the trial, and at the close of the plaintiff's evidence, the trial court, on motion of the defendant, dismissed the action on the ground that the plaintiff had failed to establish his cause of action. The plaintiff appealed from the judgment of dismissal.

If the evidence was sufficient to make a prima facie case for the jury it was error to dismiss the action, otherwise not.

The gist of the plaintiff's action was the alleged improper manner in which the defendant laid the roofing. The fact that the roof leaked and the plaintiff was damaged thereby is immaterial if the roofing material was properly laid. The evidence of the plaintiff's own witnesses showed that the roofing was properly laid.

Judgment affirmed without statutory costs, the defendant having failed to comply with rule as to filing brief.